IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE:  CHARLES EDWARD WILLIAMS,                    CASE NO. 1:07-bk-71980M
                                                                          (CHAPTER 13)
                    DEBTOR.


<u>ORDER</u>

On June 29, 2007, Charles Edward Williams (Debtor) filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. The Debtor filed an objection to Wells Fargo's claim of $2,865.00, stating that the claim is unsecured.  Wells Fargo filed a response asserting a perfected secured claim.  A hearing was held on October 26, 2007.  A stipulated statement of uncontested facts was filed and both parties submitted briefs.

The Court considers whether Wells Fargo has a perfected security interest in a K Guard Guttering System (guttering system) installed by Hanke Brothers.  This Court finds that the guttering system is a consumer good as provided by Arkansas Code Annotated Section 4-9-102(23) and, therefore, the claim is allowed as secured.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction to enter a final judgment in the case.

I. Facts

According to the stipulated facts, the Debtor entered into a charge slip contract with Wells Fargo for the purchase and installation of a guttering system.  The Debtor agreed to pay Wells Fargo principal plus interest in an original amount not shown by the record in return for payment by Wells Fargo to Hanke Brothers. Wells Fargo made payment to Hanke Brothers for

EOD  2/4/2008
by J Fiallos-Flores              1

the purchase price of the guttering system. Hanke Brothers then installed the guttering system on the Debtor's residence.  The charge slip contract between the Debtor and Wells Fargo provides that:

> Where applicable, you give us a purchase money security interest in any goods, described in this charge slip. We will not claim a security interest or other lien (except judgment lien) in your principal dwelling. You agree that any property described in this charge slip will remain personal property and will not become a fixture even if attached to real property.

(Stipulated Statement of Uncontested Facts.)

The Debtor paid for the guttering system with a Home Projects Visa credit card from Wells Fargo.  The credit card contains the following terms:

> **Use of Account:** The use of your account by you or anyone permitted by you indicates acceptance of the terms of this agreement.  You promise that all purchases made using your account will be for personal, family or household purposes.
> **Security Interest:** To the extent permitted by applicable law, you hereby grant to us and we are retaining a [purchase] money security interest under the Uniform Commercial Code in the merchandise purchased on your account using your special HOME PROJECTS subaccounts until such merchandise is paid in full. You agree to assist us in executing documents necessary to perfect our security interest.  If you do not make a minimum payment due on your account by the date on which it is due, we may repossess any merchandise that has not been paid in full.

(Stipulated Statement of Uncontested Facts.)

Attached to the stipulated facts was a sheet entitled, "K-GUARD Proper Installation Techniques for All Installation Personnel."  (Ex. A.)  The instructions indicate that "Valley Baffles" are affixed to the roof with silicone and that screws are used in relation to a "Hood" and "Down-Spouts."  (Ex. A.)  The record does not contain any explanation of these instructions. The record also lacks any explanation of how the guttering system is to be removed.

## II.  Argument

2

Wells Fargo asserts that the guttering system is personal property and is a consumer good that did not become a fixture because of the language contained in the charge slip contract. Wells Fargo further asserts that because it holds a purchase money security interest in consumer goods, the security interest is automatically perfected upon attachment and no filing is required pursuant to Arkansas Code Annotated Section 4-9-309(1). The Debtor asserts that the guttering system became a fixture when it was affixed to the house regardless of the contract language; therefore, Wells Fargo does not have a perfected security interest and is an unsecured creditor.

### III. Discussion

11 U.S.C. § 502(a) and Bankruptcy Rule 3001(f) grant prima facie effect to the validity and amount of a properly filed claim. The debtor then has the initial burden of proof to overcome the presumed validity and amount of the creditor's secured claim. In re Roberston, 135 B.R. 350, 352 (Bankr. E.D. Ark. 1992). The burden then shifts to the creditor to demonstrate by a preponderance of the evidence both the extent of its lien and the value of the collateral securing the loan. In re Roberston, 135 B.R. 350, 352 (Bankr. E.D. Ark. 1992). Therefore, the burden of proving the validity of the claim ultimately rests with the creditor. In re Farmers' Co-op of Arkansas and Oklahoma, Inc., 43 B.R. 619, 620 (Bankr. E.D. Ark. 1984)(citing 3 Collier on Bankruptcy § 502.01 [3] (15th Ed.); In re Trending Cycles for Commodities, Inc., 26 B.R. 350 (Bankr. S.D. Fla. 1982); In re Kontaratos, 35 B.R. 135 (Bankr. M.e. 1983); In re Central Rubber Products, Inc., 31 B.R. 865 (Bankr. Conn. 1983)).

A fixture is defined as "goods that have become so related to particular real property that an interest in them arises under real property law." Ark. Code Ann. § 4-9-102(a)(41)(Michie 2003). To perfect an interest in a fixture, a financing statement must be recorded in the office of

3

the recorder of deeds.  See Ark. Code Ann. §§ 4-9-102(a)(40),  4-9-502,  4-9-501, 14-15-401-

404 (Michie 2003). The question of whether a type of property constitutes a fixture is usually a

mixed question of law and fact.  Brown v. Blake, 86 Ark. App. 107, 115, 161 S.W.3d 298, 304

(2004)(citing Corning Bank v. Bank of Rector, 265 Ark. 68, 576 S.W.2d 949 (1979)).

To determine whether the property is a fixture or remains personal property, Arkansas

courts have adopted a three part test: (1) whether the items are annexed to the realty; (2) whether

the items are appropriate and adapted to the use or purpose of that part of the realty to which the

items are connected; and (3) whether the party making the annexation intended to make it

permanent.  Brown v. Blake, 86 Ark. App. 107, 115-116, 161 S.W.3d 298, 304 (2004)(citations

omitted). The intention of the party making the annexation is considered of primary importance.

Pledger v. Halvorson, 324 Ark. 302, 306 921 S.W.2d 576, 578 (1996).  Intention can be

"inferred from the nature of the chattel, the relation and situation of the party making the

annexation, the structure and mode of annexation and the purpose for which the annexation has

been made. Hot Shots Burgers & Fries, Inc. v. Fas Fax Corporation, 169 B.R. 920 (Bankr. E.D.

Ark. 1994)(citing Corning Bank v. Bank of Rector, 265 Ark. 68, 576 S.W.2d 949, 952-

53(1979)).

It is well settled that parties can treat as personal property machinery or improvements

which would otherwise become a part of the realty, and thus convert it into personal property as

between themselves.[1] Hankins v. Luebker, 224 Ark. 425, 427, 274 S.W.2d 356, 358

---

[1] This agreement is not binding on third parties who are unaware of the agreement.  See
Jacqueline S. Akins, Fixture Security Interests Under Revised Article 9, 54 Consumer Fin. L.Q.
Rep. 172 (Summer 2000)(citing Parsons v. Lender Services, Inc., 801 P.2d 739 (Okla. App.
1990)) and Leewood Nat. Bank of Kansas City v. City Nat. Bank & Trust Co. of Kansas City,
474 S.W.2d 641, 644 (Mo. App. 1971)).

(1955)(citing Thompson on Real Property, Sec. 191; 36 C.J.S., Fixtures, § 21e(1); 22 Am.Jur.,

Fixtures, Sec. 17.)  While this is true, a contract that items remain personalty is only some

evidence that the parties intended the item to remain personalty. In re Reese, 194 B.R. 782

(Bankr. D.Md. 1996)(citing In re Kriger, 169 B.R. 336, 340 (Bankr. W.D. Pa. 1994)). When the

removal of the article from the real estate would do substantial damage to the realty such that the

parties could not have intended such a result, the contract will not convert the property to

personal property. 35A Am. Jur. 2d Fixtures § 12 (2007)(citing In re Reese, 194 B.R. 782

(Bankr. D.Md. 1996) and Harris v. Rapke, 138 Misc. 2d 538, 524 N.Y.S.2d 1003 (City Ct.

1988)).  Some courts consider and weigh the following factors in order to decide if the contract

should control: (1) the nature of the personalty involved; (2) the statue of the possessor of the

personalty in respect to the realty; (3) the manner of annexation of the personalty; and (4) the use

to which the personalty is put when making its determination.  In re Kriger, 169 B.R. 336, 340

(Bankr. W.D. Pa. 1994)(citations omitted).  One professor opined "[e]xpressions of intention

between two parties nearly always bind them, as in an agreement to treat an article as chattel for

financing purposes, even though its annexation would normally make it a fixture. . . ."  Alphonse

M. Squillante, The Law of Fixtures: Common Law and the Uniform Commercial Code, Part II:

The UCC and Fixtures 15 Hofstra L. Rev. 191, 202 (1987)(citations omitted).

There does not seem to be any agreement in the various courts as to what may and may

not be agreed by contract to be personal property.  The following items were agreed to be and

held to remain personal property pursuant to the contract: pinspotters that were assembled inside

the bowling alley and screwed down and riveted to the concrete floor, Rothermich v. Union

Planters, 10 S.W.3d 610, 614-615 (Mo. App. E.D. 2000); an installed telephone system,

5

<u>Hoffman Management Corp. v. S.L.C. of North America, Inc.</u>, 800 S.W.2d 755, 760 (Mo.App. 1990); and installed theater sound and lighting equipment, <u>Norstar Leasing Services, Inc. v. Colonie Coliseum Enterprises, Inc.</u>, 145 Misc.2d 388, 391, 546 N.Y.S.2d 942, 944 (1989).  The following items have been held to be fixtures, regardless of the contract stating that they remain personalty: installed windows and roof, <u>In re Reese</u>, 194 B.R. 782, 792 (Bankr. D.Md. 1996); and installed carpeting and padding, <u>In re Kriger</u>, 169 B.R. 336, 340 (Bankr. W.D. Pa. 1994).

One court looked at installed windows and gutters and found the agreement that they remain personal property was binding between the parties, but held them to be fixtures on the date of the petition because the Standing Trustee was an outside third party. <u>In re Hinson</u>, 77 B.R. 34, 36 (Bankr. M.D.N.C. 1987).

A consumer good is a type of personal property.  Consumer goods are defined as "goods that are used or bought for use primarily for personal, family, or household purposes."  Ark. Code Ann. § 4-9-102(a)(23)(Michie 2003).  The sixth edition of Black's Law Dictionary specifically refers the reader to "consumer product" under the definition of "consumer goods." <u>Black's Law Dictionary</u> 317 (6th ed. 1990).  Consumer product is defined as "any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)."  15 U.S.C.A. § 2301(1)(2008) and <u>Black's Law Dictionary</u> 317 (6th ed. 1990).

A security interest in goods is a purchase money security interest "to the extent that the goods are purchase-money collateral with respect to that security interest." Ark. Code Ann. § 4-9-103(b)(1)(Michie 2003).  A purchase money security interest in consumer goods is perfected

6

upon attachment. Ark. Code Ann. § 4-9-309 (Michie 2003).

The term "consumer goods" does not appear to be very exclusive. Consumer goods have been held to include: a *pre-installed* bathtub (it became a building material upon installation), In re Ryan, 360 B.R. 50, 51 (Bankr. W.D.N.Y. 2007)(emphasis added); home improvement products and services,[2] R. Bauer & Sons Roofing and Siding, Inc. v. Kinderman, 83 Ohio App.3d 53, 57, 613 N.E.2d 1083, 1086 (1992); and an installed swimming pool, In re Russell, 36 B.R. 809, 810 (Bankr. N.C. 1984). According to White and Summers, "until legislators say otherwise, mobile homes, yachts, diamond wedding rings, and dining room chandeliers remain 'consumer goods' along with kitchen salt and Rolling Stones' Cds. . . ." J. White and R. Summers, Uniform Commercial Code § 31-6, at 141 (5th ed. 2002).

## IV. Analysis

Wells Fargo had an agreement with the Debtor that the property purchased was to be treated as personal property even after it was annexed to the real property. It is well settled that parties can agree that an item remain personal property and not become a fixture upon attachment, but only to an extent. When removal of the article would do substantial damage to the realty, where the parties could not have intended this, the contract will not control. Looking at the four factors set out in Kriger, the Court finds that this contract will control. The nature of the personalty are gutters attached to the roof. Logic dictates that gutters are removable because they wear out and have to be replaced. It is hard to imagine, nor was any evidence offered, that

---

[2] This case is examining consumer goods as defined in the Ohio Home Solicitation Sales Act. The Act defines consumer goods as "goods or services purchased, leased, or rented primarily for personal, family, or household purposes."

7

the removal of a guttering system would so harm the property that extensive damage would result.

The agreement provides that the gutters were to be bought for "personal, family, or household purposes" and the type of product involved comes within the definition of a consumer good.  The Court therefore finds that the gutters fall within the purview of consumer goods and Wells Fargo's security interest is perfected without filing pursuant to Arkansas Code Annotated Section 4-9-309(1).

IV. Conclusion

Wells Fargo has a perfected security interest in the guttering system. Wells Fargo claim of $2,865.00 is allowed as a secured claim.

IT IS SO ORDERED.

_James G. Mixon_____

THE HON. JAMES G. MIXON

U.  S.  BANKRUPTCY JUDGE

DATE:_02/01/08_____

8